IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:05CV225-03-MU

| | |
|---|---|
| ROBERT L. STAFFORD, | ) |
| Plaintiff, | ) |
| v. | ) **O R D E R** |
| JACKSON COUNTY DETENTION CENTER, JACKSON COUNTY SHERIFF, SYLVA POLICE DEPT., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed November 15, 2005. (Document No. 1.)

A cause of action pursuant to § 1983 requires a deprivation of a right secured by the Constitution or other law of the United States. Plaintiff's Complaint essentially alleges that he was falsely imprisoned for thirteen days. However, for the reasons explained in this Order, Plaintiff has not stated a valid claim for relief under § 1983.

Plaintiff alleges that he was "brought back [to the Jackson County Jail] after being convicted in Tenn[essee] and held in their detention for thirteen days. . . " Plaintiff does not explain what charges he was being held under in the Jackson County Jail, but it is clear that his § 1983 claim is based on actions taken after he was in the custody of the Jackson County Jail. Plaintiff contends that he should not have been held in the Jackson County Jail for those thirteen days when he was already convicted by the State of Tennessee. While he does contend that when he was brought to court, the charges were dismissed on the grounds that he was convicted in another state, he asks for monetary

damages for the thirteen days he was in the Jackson County Jail and for mental stress.

Generally speaking, allegations of false imprisonment do not state a § 1983 claim if the allegation lacks an attack on the underlying basis for plaintiff's detention. See <u>Baker v. McCollan</u>, 443 U.S. 137, 143-444 (1979); <u>Mitchell v. Alluisi</u>, 872 F.2d 577, 579 (4th Cir. 1989)( allegations of false imprisonment, absent attack on validity of arrest warrant, do not state § 1983 claim).

Here, Plaintiff claims that he should have been released from the Jackson County Jail thirteen days earlier than he was actually released due to a conviction from another jurisdiction. Plaintiff does state that when he was brought to court, he was released. More than anything else, Plaintiff seems to challenge the timing of when he was brought to court as he has not challenged the underlying basis his detention. However, Plaintiff's Compliant contains no allegation that due process was withheld from him or purposefully delayed. Because Plaintiff does not challenge his underlying detention, and does not allege that his court appearance was intentionally delayed, but instead complains that he should have been released thirteen days earlier, he has not stated a valid claim under § 1983 for false imprisonment.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed.

**Signed: November 22, 2005**

Graham C. Mullen
Chief United States District Judge